ceedings, Lopez's testimony as to whether or not *she* had asked Bravo for his retirement statement was not hearsay. *See* Fed.R.Evid. 801(c) (defining "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").

We have considered Bravo's remaining arguments, including his unsubstantiated allegations of manipulation of evidence and obstruction of justice, but conclude that they are without merit.

Because the Board did not err in dismissing Bravo's appeal for lack of jurisdiction, we affirm.

SEIKO EPSON CORPORATION and Epson America, Inc., Plaintiffs–Appellants,

v.

NU–KOTE HOLDING, INC., Nu–Kote Imperial, Ltd., Nu–Kote International, Inc., Nu–Kote Imaging International, Inc., International Communication Materials, Inc., Future Graphics, Inc., and Nu–Kote Latin America, Inc., Defendants–Appellees.

Nos. 01–1035, 01–1036, 01–1037.

United States Court of Appeals, Federal Circuit.

Jan. 12, 2001.

ORDER

The appellant having failed to file the brief required by Federal Circuit Rule 31(a) within the time permitted by the rules, it is

ORDERED that the notice of appeal be, and the same hereby is, DISMISSED, for failure to prosecute in accordance with the rules.

BIOTEC BIOLOGISCHE NATURVER-PACKUNGEN GMBH & CO. KG, Plaintiff/Sanctioned Party–Appellant,

and

Workman, Nydegger & Seeley, Sanctioned Party–Appellant,

v.

BIOCORP, INC. and Novamont, S.P.A., Defendants–Appellees.

No. 01–1044.

United States Court of Appeals, Federal Circuit.

Jan. 12, 2001.

ORDER

The appellant having failed to file the brief required by Federal Circuit Rule 31(a) within the time permitted by the rules, it is

ORDERED that the notice of appeal be, and the same hereby is, DISMISSED, for

failure to prosecute in accordance with the rules.

The **QUIGLEY CORPORATION,**
**Plaintiff–Respondent,**

v.

**GUMTECH INTERNATIONAL, INC.,**
**Gel–Tech Industries, Inc., and Gel**
**Tech, L.L.C., Defendant–Petitioner.**

**No. 619.**

United States Court of Appeals,
Federal Circuit.

Jan. 17, 2001.

### ORDER

Upon consideration of the unopposed motion to remand,

IT IS ORDERED THAT:

(1) The motion to remand is granted.

(2) The motion for reconsideration is moot.

**Megmer MOSCHKIN, Claimant–**
**Appellant,**

v.

**Hershel W. GOBER, Acting Secretary**
**of Veterans Affairs, Respondent–**
**Appellee.**

**No. 00–7031.**

United States Court of Appeals,
Federal Circuit.

Jan. 18, 2001.

Before MAYER, Chief Judge,
MICHEL, and DYK, Circuit Judges.